OPINION
{¶ 1} Defendant-appellant Maurice M. Smith appeals the February 5, 2002 Judgment Entry of the Ashland County Court of Common Pleas, which sentenced him on one count of burglary. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 26, 2001, appellant and a co-defendant entered an occupied residence and attempted to steal a large glass jug full of change. The jar contained over $2,000 in change. In attempting to remove the heavy and awkward jug, the duo dropped the vessel, shattering the jar, and spilling the coins. After a police investigation, appellant confessed to the crime.
 {¶ 3} On September 24, 2001, the Ashland County Grand Jury indicted appellant with one count of burglary, in violation of R.C.2911.12(A)(1), a felony of the second degree; and one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. At his arraignment, appellant plead not guilty to the charges.
 {¶ 4} In a December 17, 2001 Waiver of Constitutional Rights and Plea of Guilty, appellant withdrew his plea of not guilty and entered a plea of guilty to burglary, in violation of R.C. 2911.12(A)(3), a lesser included offense of the burglary charge with which appellant had been indicted. The trial court dismissed Count 2 of the Indictment at the State's request.
 {¶ 5} On January 28, 2002, the trial court conducted a sentencing hearing. At that time, the trial court permitted testimony from the victim and noted it had reviewed a presentence investigation report. This report included appellant's criminal history.
 {¶ 6} In a February 5, 2002 Judgment Entry, the trial court sentenced appellant to five years in prison, the maximum sentence.
 {¶ 7} It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 {¶ 8} "I. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM POSSIBLE SENTENCE FOR A FELONY OF THE THIRD DEGREE WHERE A FINDING THAT THE DEFENDANT POSES THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES WAS NOT SUPPORTED BY THE RECORD."
 I {¶ 9} In appellant's sole assignment of error, he maintains the trial court erred in imposing the maximum possible sentence for a felony of the third degree because the finding appellant posed the greatest likelihood of committing future crimes was not supported by the record. We disagree.
 {¶ 10} The imposition of a maximum sentence is governed by R.C. 2929.14(C). The statute states, in relevant part:
 {¶ 11} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 12} R.C. 2929.19, the statute which governs the sentencing hearing, also requires the trial court state its reasons to support the finding(s) used to justify the imposition of a maximum sentence. The statute provides, in relevant part:
 {¶ 13} "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 14} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 15} These "reasons" are an additional element to the "findings" requirement of R.C. 2929.14(E)(4). State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131. With this authority in mind, we turn our attention to the record before us.
 {¶ 16} In the judgment entry, the trial court states "pursuant to section 2929.14(C) of the Ohio Revised Code, the Court further finds thatdue to the prior record of the defendant and the seriousness of this crime, there is the greatest likelihood that the defendant will commit future crimes." (Emphasis added.)
 {¶ 17} Further, at the sentencing hearing, the trial court made the following statement on the record: "As a juvenile, this offender was convicted of obstructing official business in 1997 and was ordered to pay costs.
 {¶ 18} "In January of `99, the offender was convicted for menacing and was placed on probation in juvenile court. His probation was terminated unsuccessfully in August of `99.
 {¶ 19} "As an adult, the offender was convicted of grand theft, a felony, in at that bar rust, [sic] Florida. The offender pled guilty, was placed on probation for two years in February of 2000.
 {¶ 20} "He then absconded supervision from Florida. Was convicted of a criminal trespassing in February of 2000 in Lebanon, Tennessee.
 {¶ 21} "The offender was sentenced to six months to the Ohio Department of Rehabilitation and Correction in Ohio as a result of a conviction in Allen County of theft, a felony of the fifth degree. And he was released from imprisonment on post-release control supervision on October 2d 2000.
 {¶ 22} "He has a warrant outstanding from Wayne County, Ohio, for driving under suspension.
 {¶ 23} "* * *
 {¶ 24} "Moving then to the sentencing factors that apply to this situation. Under the recidivism factors, the following are noted: Under recidivism unlikely, none of the factors are present.
 {¶ 25} "Under recidivism likely, it is noted, again, that the prior adjudication of delinquency and a history of criminal convictions and that he has served a prior prison term prior to this offense.
 {¶ 26} "Also it is noted that he has failed to respond favorably in the past to sanctions imposed for criminal convictions.
 {¶ 27} "* * *
 {¶ 28} "Further the court finding specifically under Section2929.14(C) that this offender, due to his prior record and the nature andseriousness of this particular offense, does pose the greatest likelihood of committing future crimes based upon his past record." (Emphasis added). Tr. at 6-8.
 {¶ 29} Appellant maintains the trial court inappropriately relied upon its finding the victims suffered serious psychological harm to support its findings appellant committed the worst form of the offense and that he was an offender with the greatest likelihood to reoffend. Appellant argues the record does not support the trial court's finding the victims suffered serious psychological harm. Therefore, appellant contends the trial court was unable to support either of the findings required by R.C. 2929.14(C). We disagree with appellant's contention.
 {¶ 30} The statute, as set forth above, is stated in the disjunctive. Accordingly, the trial court could impose the maximum sentence if it found either appellant posed the greatest likelihood of committing future crimes or that appellant had committed the worst form of the offense. The trial court made two findings and stated its reasons therefore. Specifically, the trial court noted the victims suffered serious psychological harm, and that appellant had an extensive criminal history and had failed at community control sanctions in the past.
 {¶ 31} Even assuming arguendo the record did not support the imposition of a maximum sentence based upon a finding appellant committed the worst form of the offense, the record did support the trial court's finding appellant posed the greatest likelihood to reoffend. Because the trial court was only required to make one of the findings listed in R.C.2929.14 (C), the trial court did not err in imposing a maximum sentence herein.
 {¶ 32} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 33} The February 5, 2002 Judgment Entry of the Ashland County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY {¶ 34} For the reasons stated in our accompanying Memorandum-Opinion, the February 5, 2002 Judgment Entry of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellant.